UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA GLASS,

        Plaintiff,

   v.

JOHN E. POTTER,

        Defendant.
_____/

No. C 09-1554 PJH

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

    Pro se plaintiff Cynthia Glass filed this action on April 8, 2009, against defendant John E. Potter, Postmaster General of the United States Postal Service, alleging discriminatory failure to hire, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* On May 26, 2009, plaintiff filed a request for appointment of counsel.

    Because plaintiff is not an indigent litigant who may lose her physical liberty if she loses the litigation, there is no right to counsel in this case. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). More pertinent to the present action, there is no constitutional right to appointed counsel for employment discrimination claims, Ivey v. Bd. of Regents, 673 F.2d 266, 269 (9th Cir. 1982), nor are funds available in this court (or any federal court) to compensate counsel appointed in civil cases.

    The 1964 Civil Rights Act provides for appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 ( 9th Cir. 1981); see 42 U.S.C. § 2000e-5(f)(1). In this district, if the court finds that the plaintiff meets certain criteria, the court may refer the case to the Federal Pro Bono Project, which will attempt to locate a volunteer attorney to represent the plaintiff. The Federal Pro Bono Project was established

1 by the San Francisco Bar Association for the purpose of assisting indigent Title VII plaintiffs
2 or indigent incarcerated civil rights plaintiffs to secure legal representation.

3    Under Bradshaw, the court is required to assess three factors: 1) the plaintiff's
4 financial resources, 2) the efforts made by the plaintiff to secure counsel, and 3) whether
5 the plaintiff's claim has merit.  Bradshaw, 662 F.2d at 1318.  Here, the court has granted
6 plaintiff's request to proceed in forma pauperis.  Thus, plaintiff meets the first factor.
7 However, plaintiff has not satisfied the second or third factors.

8    With regard to the second factor – the efforts made to secure counsel – plaintiff does
9 not identify, by name, a single attorney that she contacted in an attempt to secure
10 representation.  Indeed, plaintiff has made no showing that she made any effort to obtain
11 counsel on her own.

12    With regard to the third factor – whether the complaint has merit – plaintiff has also
13 made no showing whatsoever.  In Bradshaw, the Ninth Circuit noted that if the EEOC "has
14 found 'reasonable cause,' . . . the claim should ordinarily be deemed meritorious."  Id. at
15 1309.  Here, the EEOC's Officer of Federal Operations issued a decision on March 20,
16 2009 affirming the United States Postal Service's denial of plaintiff's complaint.  The EEOC
17 decision stated that plaintiff "has failed to refute the agency's reason for its action or to
18 demonstrate that the agency's true reasons were based on illegal considerations of
19 disability."  The decision also notified plaintiff of her right to file a civil action within 90 days
20 of the date she received the decision.

21    Because the EEOC affirmed the agency's denial of plaintiff's claim, there is no basis
22 at this stage of the litigation upon which the court can find that plaintiff's claims of
23 discrimination are meritorious.  Further, plaintiff presented no argument in the request for
24 appointment of counsel which could be viewed as supporting her claim of discrimination by
25 the Postal Service.  Accordingly, the court finds that the request for appointment of counsel

must be DENIED.[1]

**IT IS SO ORDERED.**

Dated: June 1, 2009

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court further finds that plaintiff does not meet the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).