UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA GLASS,                      No. C 09-1554 PJH

        Plaintiff,                      **ORDER DENYING REQUEST FOR RECONSIDERATION**

    v.

JOHN E. POTTER,

        Defendant.
_____/

       Pro se plaintiff Cynthia Glass filed this action on April 8, 2009, against defendant John E. Potter, Postmaster General of the United States Postal Service, alleging discriminatory failure to hire, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* On May 26, 2009, plaintiff filed a request for appointment of counsel. On June 1, 2009, plaintiff's request was denied on the basis that she failed to satisfy the standard for appointment of counsel set forth in Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 ( 9th Cir. 1981) (in determining whether counsel should be appointed in an employment discrimination case brought pursuant to the Civil Rights Act of 1964, a court is required to assess three factors: 1) the plaintiff's financial resources, 2) the efforts made by the plaintiff to secure counsel, and 3) whether the plaintiff's claim has merit).

       The court found that while plaintiff had satisfied the first factor, she had not satisfied the second or third factors. With regard to the second factor – the efforts made to secure counsel – the court found that plaintiff made no showing that she made any effort to obtain counsel on her own. With regard to the third factor – whether the complaint has merit – the court found that plaintiff made no showing regarding the merits of her claim. The court further found that because the EEOC issued a decision affirming the United States Postal

Service's denial of plaintiff's complaint, there was no basis at this stage of the litigation upon which the court could find that plaintiff's claim of discrimination had merit. Finally, the court found that plaintiff did not meet the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), citing Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

On June 9, 2009, plaintiff submitted a letter, requesting reconsideration of the order denying her request for appointment of counsel. In support of her request for reconsideration, plaintiff asserts that she has made no effort to obtain counsel because she cannot afford one, and that her complaint against the Postal Service is not frivolous.

Under the local rules of this court, a party may seek reconsideration of "any interlocutory order" made in a case "[b]efore the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civil L.R. 7-9(a). However, before seeking reconsideration, the party must first request leave of court to file a motion for reconsideration. Id. Because plaintiff did not seek leave of court to file a motion for reconsideration, her request for reconsideration can be denied on this basis alone.

As a further basis for denial, the court finds that plaintiff has not met the standard for reconsideration. She has shown neither that a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought; nor the emergence of new material facts or a change of law occurring after the time of such order; nor a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. Civil L.R. 7-9(b).

Moreover, plaintiff's letter does not demonstrate that appointment of counsel is appropriate under Bradshaw. With regard to the second factor – the efforts made to secure counsel – plaintiff's letter does not show that she has engaged in a reasonably diligent effort under the circumstances to obtain counsel. In fact, plaintiff's letter readily admits that she has made no effort whatsoever to obtain counsel. With regard to the third factor – whether the complaint has merit – plaintiff's letter does not show that her complaint has

merit. Rather, it simply asserts that her actions regarding her complaint have not been frivolous. Plaintiff's request for appointment of counsel was denied because she failed to satisfy the second and third <u>Bradshaw</u> factors. Her request for reconsideration does nothing to correct this deficiency.

Accordingly, for the reasons stated above, plaintiff's request for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: June 12, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge